IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MERCHANTS CAPITAL RESOURCES, INC., a Minnesota corporation,<br><br>Merchants,<br><br>v.<br><br>WESTERN GRAVEL, INC., a Colorado corporation; JUDITH DeVINCENTIS, an individual; FELIX G. DeVINCENTIS, an individual; and MICHAEL BELLGARDT, an individual,<br><br>Defendants. | Case No. 10-CV-01807 (DSD/JJK)<br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND TEMPORARY RESTRAINING ORDER** |

This matter came before the Court on July 16, 2010, on Plaintiff's Motion for a Temporary Restraining Order and Order for Replevin. Benjamin J. Court of Messerli & Kramer, appeared on behalf of Plaintiff. Based on a review of the file, record and proceedings herein, the court grants the motion.

**FINDINGS OF FACT**

1. Plaintiff Merchants Capital Resources, Inc. ("Merchants") financed the leasing of certain equipment to Defendant Western Gravel, Inc. ("Western Gravel") by virtue of a certain Master Equipment Lease.

2. Merchants initiated this action against Defendants Western Gravel, Inc., for breaches of its obligations under the Master Equipment Lease, and against Defendants

Judith DeVincentis, Felix G. DeVincentis, and Michael Bellgardt, as Guarantors of Western Gravel's obligations under the Master Equipment Lease, for breaches of their obligations under the Guaranties.

3. The conduct of Defendants as alleged in the Complaint is in breach of the Master Equipment Lease and the Guaranties.

4. Defendants have not contested by their failure to answer or otherwise file a response that they have failed to make rental payments due under the Master Equipment Lease and the Guaranties.

5. The terms of the Master Equipment Lease between Merchants and Western Gravel entitle Merchants to possession of the leased equipment (the "Collateral").

## **CONCLUSIONS OF LAW**

1. Merchants has met its burden of showing the factors from Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981), to support the issuance of a temporary restraining order.

2. There is likelihood that Merchants will prevail on its claims that Defendants defaulted in their obligations under the Master Equipment Lease and Guaranties and that Defendants' conduct constitutes breaches of contracts, entitling Merchants to take immediate possession of the Collateral, especially in light of the fact that Defendants have not denied their failure to make lease payments due under the agreements.

3. Merchants will be irreparably harmed if the temporary restraining order is not issued, including, but not limited to, the sale, transfer or other damage to the Collateral financed by Merchants pursuant to the Master Equipment Lease and Defendants' continued use of the Collateral without compensation to Merchants.

4. By contrast, issuance of the temporary restraining order will not cause undue harm to Defendants because they have defaulted on their obligations under their agreements with Merchants and have no right to continued possession of the Collateral.

5. The balance between the harm and the injury that will befall the Defendants, if any, is minimal in comparison to the harm that will befall Merchants if the requested temporary restraining order is not issued.

6. The public interest is served by the issuance of the requested temporary restraining order because public policy is furthered by preventing persons from breaching contractual duties and unjustly benefitting at the expense of others, and it is served by preventing Defendants from transferring, selling, using or otherwise disposing of the Collateral which it has no right to possess.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Merchants motion [Doc. No. 8] is **GRANTED**.

2. Defendant Western Gravel, Inc. and its agents and representatives, and all persons acting in active concert or participation with them, or any other person acting on their behalf, are herein enjoined until further notice of this Court from the following:

a. Using, moving, disposing, transporting, concealing, wasting, selling, dismantling or otherwise altering the condition of the Collateral;

b. Entering into contracts for the use, sale, trade or transfer of the Collateral; and

c. The Collateral comprises and consists of:

1/ BOM HSM12000D-150/4 Overhead & Aux Silo, SN#M-041130; 12 yd Tilt Mixer, SN#M-041104; Automation, SN#M-041130; Long Haul Freight TRA90-1820; Machine Sale/Powerscreen 6'x20" 3 deck screen box, Machine Sale/Powerscreen Fines Master 120, SN#18500658; 2004 Trailmax Trailer – Model TD-42-T, Vin#1G9KS37254A065735.

3. Defendants shall deliver the Collateral to Merchants within ten (10) days of the date of this Order. The Collateral shall be delivered to a location to which the parties shall agree.

4. If Defendants fail to deliver the Collateral to Merchants within the time allotted, the United States Marshal, or other law enforcement authority in the jurisdictions where said Collateral is located, shall take immediate possession of the Collateral.

5. During the time that Defendants have possession of the Collateral, they shall continue to provide appropriate insurance for all of the Collateral in such form and in such amount as are currently in place, consistent with the terms of the Master Equipment Lease and related documents.

6. Defendants and their officers, agents, servants, employees, and attorneys and all those person in active concert or participation with them who receive actual notice of this order by personal service or otherwise, shall not damage, conceal, waste, sell, rent, dismantle or otherwise alter the condition of the Collateral.

7. If any of the Collateral is concealed in a building or elsewhere, the public demand made by the U.S. Marshal or other law enforcement agency is refused or there is no response, the U.S. Marshal, or other law enforcement agency, shall cause the building to be broken open and shall take the equipment therefrom.

8. Merchants shall post a nominal bond of $500.00.

9. If Defendants fail to disclose the location of an deliver the property, the Chief Executive Officer of Western Gravel shall personally appear before this Court on the 30th day of July, 2010 at 9:00 a.m. to show cause why an Order shall not be entered finding it in contempt for failure to deliver the Collateral.

10. Upon obtaining possession of the Collateral, Merchants is authorized to immediately dispose of the Collateral at a public or private sale.

11. This temporary restraining order shall remain in effect for fourteen days from the date of entry.

Dated: July 16, 2010  
At Minneapolis, Minnesota  
at 2:00 p.m.

s/David S. Doty  
David S. Doty  
U.S. District Court Judge